UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA JEKOV,<br><br>           Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>           Defendant. | No.  2:12-cv-2768 CKD<br><br><br>ORDER |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court.  Plaintiff seeks fees in the amount of $2,798.40 based on 15 hours at the rate of $186.56 per hour for attorney time.  No opposition to the motion has been filed.

   A.  Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action.  An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four for further development and analysis of the record

1

1   pursuant to the stipulation of the parties and order of the court.  ECF No. 21.  Plaintiff thus is

2   entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds

3   that the position of the United States was substantially justified.  Flores v. Shalala, 49 F.3d 562,

4   568-69 (9th Cir. 1995).

5         The burden of establishing substantial justification is on the government.  Gutierrez v.

6   Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the

7   Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that

8   is, justified to a degree that could satisfy a reasonable person.  That is no different from the

9   'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast

10  majority of other Courts of Appeals that have addressed this issue.  Id. at 565.  A position does

11  not have to be correct to be substantially justified.  Id. at 566 n.2; see also Russell v. Sullivan, 930

12  F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d

13  1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

14        In determining substantial justification, the court reviews both the underlying

15  governmental action being defended in the litigation and the positions taken by the government in

16  the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other

17  grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action

18  was not substantially justified, it is unnecessary to determine whether the government's litigation

19  position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

20        Here, defendant stipulated to remand of this action to provide plaintiff an opportunity for a

21  new hearing, to determine whether plaintiff had a possible earlier date of onset, to further evaluate

22  plaintiff's residual functional capacity, to further evaluate plaintiff's credibility, to reassess lay

23  witness testimony, and if necessary, to obtain testimony from a vocational expert.  Defendant has

24  filed no opposition to the request for attorneys fees.  Under these circumstances, the court finds

25  that the position of the United States was not substantially justified.   Fees under the EAJA will

26  therefore be awarded.

27  /////

28  /////

B. <u>Reasonable Fee</u>

The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See <u>Commissioner, INS v. Jean</u>, 496 U.S. 154 (1990); <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983); <u>Atkins v. Apfel</u>, 154 F.3d 986 (9th Cir. 1998). Plaintiff here obtained a stipulated remand to correct a multitude of errors. With respect to plaintiff's counsel's time reviewing the transcript, briefing on the motion for summary judgment and other tasks itemized in counsel's schedule of hours, the court has determined the hours claimed are reasonable. The rate claimed is also reasonable. Plaintiff will therefore be awarded the full amount requested. The EAJA award must be made by this court to plaintiff, and not to counsel. See <u>Astrue v. Ratliff</u>, __ U.S. __, 130 S. Ct. 2521 (2010).

Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $2,798.40.

Dated: November 26, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 jekov2768.eaja